**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTOINETTE CARTHAN,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA'S SECRET STORES, LLC,<br><br>Defendant. | Civil Action No. _____<br><br>Removed from Circuit Court of Cook County<br>Case No. 2020 L 010342 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Victoria's Secret Stores, LLC ("VSS"), by and through its attorneys, hereby removes this action, Case No. 2020 L 010342, from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, and in support thereof states as follows:

### A. Nature of the Civil Action

1. VSS is named as the defendant in Case No. 2020 L 010342, from the Circuit Court of Cook County, Illinois. Plaintiff Antoinette Carthan filed the Complaint on September 29, 2020. (A copy of Plaintiff's Complaint is attached as Exhibit 1).

2. Plaintiff seeks damages based on a claim of malicious prosecution against VSS.

### B. Timing and Perfecting of Removal

3. The timing of this removal is proper pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty days of VSS's receipt of the Complaint. VSS was served with the Complaint on October 2, 2020. (Ex. 1, p. 2).

4. As required by 28 U.S.C. § 1446(a), the Summons and Complaint are attached hereto as Exhibit 1.

5. Upon filing of this Notice of Removal, this office shall promptly provide written notice thereof to the Clerk of the Circuit Court of Cook County, Illinois and Plaintiff Antoinette Carthan. (A copy of the Notice of Filing of Notice of Removal to be filed and served is attached hereto as Exhibit 2).

### C. Diversity Jurisdiction

6. Plaintiff is a resident of Illinois. (Ex. 1, Complaint, ¶ 5).

7. According to the Complaint, VSS is a "limited liability company organized under the laws of the state of Delaware." (*Id.* ¶ 3; Exhibit 3, Declaration of Asif Ranginwala ¶ 2 (confirming VSS is a limited liability company organized under the laws of the State of Delaware)). A limited liability company is deemed "a citizen of every state in which its members are citizens." *Kroupa v. Garbus*, 583 F.Supp.2d 949, 952 (N.D. Ill. 2008). For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Neither VSS nor any of its members are incorporated or have their principal place of business in Illinois. (Ex. 3, Ranginwala Dec. ¶¶ 2-6). In fact, Ohio is the principle place of business for purposes of diversity jurisdiction for VSS and all of its members, and VSS and all of its members are incorporated in Delaware. (*Id.*). For these reasons, VSS is not a citizen of Illinois. As a result, the requirement of complete diversity of citizenship is satisfied. 28 U.S.C. § 1332.

8. VSS denies Plaintiff's claims of wrongdoing and requests for relief; however, based on the allegations in the Complaint and the evidence available, the amount in controversy exceeds the jurisdictional threshold of $75,000. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Where

supported by evidence or reasonable inferences from the complaint, "the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Back Doctors Ltd. v. Metropolitan Property and Casualty Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). "The Seventh Circuit has recognized multiple ways in which a good faith assessment of the amount in controversy can be determined, including: through calculations of the potential damages based on facts and theories of recovery alleged in the complaint, (citation omitted); and estimates based on case law in which the plaintiff had suffered similar injuries and was awarded pain and suffering damages in amounts that satisfy the jurisdictional requirements". *Mitchell v. Schenker, Inc.*, 2017 U.S. Dist. LEXIS 172395, *5 (S.D.Ill. Oct. 18, 2017), citing *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 845 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542-43 (7th Cir. 2006).

        A.      Plaintiff does not specifically state an amount of damages in her pleading. Plaintiff nonetheless alleges damages stemming from: (1) spending five hours in custody; (2) being prohibited from leaving the state of Illinois for approximately eight months; (3) being demoted at work; (4) having a "false" criminal charge on her record; and (5) emotional distress. (Ex. 1, Complaint, ¶ 24). Plaintiff filed her Complaint in the Law Division of Cook County, which requires that the amount in controversy must exceed $50,000. *http://www.cookcountycourt.org/ABOUT-THE-COURT/County-Department/Law-Division*.

        B.      Plaintiff also claims entitlement to an unspecified amount of punitive damages. (Ex. 1, Complaint, ¶ 26). Plaintiff alleges VSS's conduct was "fraudulent, intentional, and/or willful and wanton" and that "justice and the public good require the awarding of punitive damages." (*Id.*). The potential availability of punitive damages for malicious prosecution is well recognized. *See, e.g.*, *Sexton v. Cotton*, 2008 U.S. Dist. LEXIS 89762, *7 (N.D.Ill. Nov. 5, 2008)

(collecting cases). "[P]unitive damages can satisfy the minimum amount in controversy if punitive damages are available under state law." *Knuffman v. McWane Inc.*, 2016 U.S. Dist. LEXIS 26623, 3-4 (C.D.Ill. Mar. 3, 2016); *Baudison v. Walmart, Inc.,* 2020 WL 128671, *1 (S.D.Ill. Jan. 10, 2020) (including plaintiff's claim for punitive damages in finding amount in controversy exceeded $75,000); *Wiemers v. Good Samaritan Society*, 212 F.Supp.2d 1042 (N.D. Iowa 2002) (former employee's retaliatory discharge action seeking punitive damages satisfied minimum amount in controversy requirement); *see also LM Ins. Corp. v. Spaulding Enters. Inc*., 533 F.3d 542, 551 (7th Cir. 2008) ("subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount."); *Cadek v. Great Lakes Dragaway, Inc.,* 58 F.3d 1209, 1211-12 (7th Cir. 1995) (amount in controversy satisfied unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount"). Since Plaintiff has demanded punitive damages in the Complaint and alleged that VSS's actions meet the required punitive damages standard, this alone supports a finding that the amount in controversy is satisfied.

        C.    Jury verdicts in malicious prosecution cases in Illinois also can result in verdicts that significantly exceed $75,000. *See, e.g*., *Becky Rae Smith v. Church On The Way, Inc. d/b/a Kiddie Kollege Day Care Center, Joe Cusic*; 1999 MO & IL Jury Verdicts LEXIS 3642 (Madison County, Feb. 23, 1994) (awarding $470,000 in actual damages and $412,000 in punitive damages in case where employer pursued criminal allegations of alleged theft against former employee); *Fabiano, Sandra & Frank v. City of Palos Hill*, 2004 Jury Verdicts LEXIS 34451 (Cook County, 2004) (awarding $750,000 to prevailing plaintiff in malicious prosecution action). This supports VSS's assertion that the amount in controversy here exceeds $75,000.

4

9. Based on the facts set forth above, *see* ¶¶ 6-8, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (finding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). The parties are diverse, and a good faith, conservative assessment of Plaintiff's alleged damages places the amount in controversy well over $75,000. This showing is sufficient for VSS to carry its burden on this issue at the notice of removal stage.

10. Pursuant to 28 U.S.C. § 1441(a), and in accordance with 28 U.S.C. § 1446(b), this entire matter may be removed to this Court because this Court "embrac[es] the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1441.

11. By filing this Notice of Removal of this civil action, VSS does not waive any of its defenses, including, but not limited to, its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Victoria's Secret Stores, LLC, hereby removes this action, Case No. 2020 L 010342, from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, and requests that this Court accept jurisdiction of this action and place it upon the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

VICTORIA'S SECRET STORES, LLC


By: s/ James K. Borcia
      One of Its Attorneys

James K. Borcia (*jborcia@tresslerllp.com*)
TRESSLER LLP
233 South Wacker Drive, 61st Floor
Chicago, IL 60606
(312) 627-4000

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Corporate Disclosure Statement was filed through the Court's electronic filing system. Service will be made by operation of that system upon counsel for Plaintiff identified below, and Plaintiff's counsel may access this document through the Court's CM/ECF system. Additionally, a copy of the foregoing Notice to State Court of Removal was served upon Plaintiff's counsel via mail and email at the addresses listed below.

Julie O. Herrera
Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
jherrera@julieherreralaw.com

/s/James K. Borcia
James K. Borcia

4815-2079-8160, v. 1